

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 1, 1960

Honorable Edwin L. Keller
County Attorney
Erath County
Stephenville, Texas

Opinion No. WW-928

Re: Taxable status of land
devised to Tarleton State
College for designated pur-
poses and presently rented
to an individual not
connected with the college.

Dear Mr. Keller:

In your recent letter requesting our opinion upon the
referenced subject, you outline the fact situation prompting
such inquiry as follows:

"In regard to the above question, the
facts are that D. G. Hunewell and Fannie
Eales Hunewell, husband and wife, left a
written will by which they devised farming
and ranch lands in Erath County to
Tarleton State College, but in trust to
persons who at the death of the survivor
composed the board of directors governing
such college as trustees for the use and
benefit of Tarleton State College empower-
ing the trustees to administer the trust and
donation including the income from such
property and to apply the same to the pur-
pose or purposes set out in the will, and
such donation and any fund or property
arising therefrom to be called the Hunewell
Band Fund, empowering the trustees to hold,
mortgage, manage, control, exchange, lease,
alienate, invest or reinvest in any way
the whole or any part of such donation and
to collect the proceeds and income and to
pay out the income, or if insufficient, to
pay out of the principal all expenses of
the trust in carrying out the purpose
thereof and such purpose being the attraction
of good band material for Tarleton College
and to encourage Tarleton band men to exert
themselves and show their best ability, a
direction was made for a cash award of
$200.00 to be given to each band man not

to exceed ten each year and excess revenue
for the purposes to improve the band, such
as instruments, band house, uniforms, etc.

"It is provided in the will that neither
the donation nor any fund or property arising
therefrom, should ever be any part of the
permanent fund of Tarleton State College.

". . . .

"The provision of the will in question
which prohibited the above mentioned
donation of property arising therefrom
from ever becoming a part of the permanent
Tarleton State College Fund also provided
that the Legislature should have no power
or be in anywise authorized to change the
purposes of the will and trust nor to
divert such donation, fund or property
from the purposes set out."

You had informed us previously that the land is pre-
sently rented to an individual not connected with the college,
and requested that we advise you whether or not the land is
taxable by State, County and District authorities.  It is our
opinion that this property is exempt from taxation.

The buildings, land and equipment of John Tarleton
Agricultural College was officially donated to and accepted by
the State, thus becoming a part of the State's educational
system.  Acts 1917, 35th Leg., Ch. 33, p. 58 (Arts. 2616-2619,
V.A.C.S.).  Its name was thereupon changed to Tarleton State
College.  Art. 2616a, V.A.C.S.

In State v. University of Houston, 264 S.W.2d 153
(Tex.Civ.App. 1954, err.ref. n.r.e.), it was held that producing
mineral interests in land belonging to the University of Houston
were exempt from taxation and thus could not be taxed by appellants,
which included the State, County, common school districts, a
road district, and a drainage district.  While the reasoning of
the Court in the opinion is somewhat obscure, it apparently held
that the property was public property of the State of Texas
held by the University of Houston as an agency of the State, and
used solely for the benefit of the public, thus bringing it
within the scope of Arts. 7150, subdivision 4, and 2815 k. R.C.S.,
Art. VIII, sec. 2 and Art. XI, sec. 9, Constitution of Texas.
See XI Baylor Law Review No. 2 (Spring, 1959), p. 142.

In Attorney General's Opinion No. 0-1861 (1939), it was
held that land devised to the Board of Regents of the University

of Texas to be used for certain purposes designated in the will for the benefit of the University, which land was rented to outside interests with the revenue therefrom dedicated to the designated purposes, was exempt from taxation as property belonging to the State.

Considering the University of Houston case and Opinion No. O-1861 together, we believe that the property you describe, although devised substantially in trust to the board of directors of Tarleton State College for designated purposes only, must be considered as tax-exempt property under the previously cited statutes and Constitutional provisions.

### SUMMARY

Certain described land, devised to the board of directors of Tarleton State College for certain purposes benefiting the college and presently rented to an individual not connected with the college, is entitled to tax exemption and is therefore not taxable by State, County, or district authorities.

Yours very truly,

WILL WILSON
Attorney General of Texas

By James R. Irion
James R. Irion
Assistant

JRI:jip

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Thomas Burrus
Paul W. Floyd, Jr.
B. H. Timmins, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
By: Houghton Brownlee